United States District Court
Southern District of Texas
**ENTERED**
July 21, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO R. G., [1]<br>Petitioner,<br><br>v.<br><br>JUAN AGUDELO, *et al.*,<br>*in their official capacities*,<br>Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:26-cv-155 |

**REPORT AND RECOMMENDATION**
**TO DENY PETITIONER'S HABEAS PETITION**

Before the Court is Petitioner's "Petition for Writ of Habeas Corpus" under 28 U.S.C. § 2241 (Dkt. No. 1) ("Petition").[2] Petitioner requests the Court grant the Writ of Habeas Corpus and order Respondents to release him from immigration detention. Dkt. No. 1 at 3. For the following reasons, it is recommended the Court deny the Petition.

Petitioner is a Guatemalan national, currently detained by Immigration and Customs Enforcement at the Port Isaabel Detention Facility in Los Fresnos, Texas. Dkt. No. 1 at 1.[3] Petitioner entered the United States without inspection as an unaccompanied minor on or about December 12, 2017, and was apprehended at the time of entry. Dkt. No. 4 at 2. Petitioner was not then admitted or paroled after inspection by an immigration officer. Dkt.

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

[2] Petitioner also filed an "Emergency Motion for Preliminary Injunction and Temporary Restraining Order" which was denied on April 16, 2026. (Dkt. No. 10).

[3] The Government states Petitioner is presently detained at the Baker Correctional Institution in Sanderson, Florida. Dkt. No. 7 at 1. If Petitioner is now in Florida, movement of the Petitioner does not divest this Court of jurisdiction. When the Government moves a habeas petitioner after properly filing a petition naming an immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the Petitioner's release. See *Ex Parte Endo*, 323 U. S. 283, 307 (1944); *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004). Accordingly, jurisdiction and venue are proper in this Court and division.

No. 7 at 2. On December 11, 2018, Petitioner was served with a Notice to Appear ("NTA") and charged as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who is present in the United States without being admitted or paroled. *Id.* On March 10, 2025, an Immigration Judge found Petitioner removable as charged in his NTA. *Id.* Petitioner was taken into custody on or about January 14, 2026, after he was arrested in Florida for speeding and driving without a license. *Id.* Petitioner's removal proceedings are pending. *Id.*

Petitioner challenges his current detention by immigration authorities on five grounds. Dkt. No. 1 at 8-18. Petitioner argues Respondents are violating their immigration regulations in prolonging his detention, violating his due process and equal protections rights in prolonging his immigration detention, engaging in arbitrary and capricious acts in violation of the Administrative Procedures Act and violating his constitutional rights in not providing him an individualized bond hearing. *Id.* The Court does not find these arguments persuasive.

Petitioner's challenges to the statutory authority under which he is detained fails, because Petitioner is detainable under 8 U.S.C. § 1225(b)(2), *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026). Second, Petitioner's challenges to his detention while his immigration proceedings are pending fails, because detention "during removal proceedings," even where such detention is without a bond hearing, is generally a "constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003).

It is therefore recommended that the Court:

(1) **DENY** the Petition (Dkt. No. 1),

(2) **GRANT** Respondent's Motion for Summary Judgment (Dkt. No. 7)

(3) **DIRECT** the Clerk of Court to close the case.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir.

1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on July 21, 2026.

Karen Betancourt

Karen Betancourt
United States Magistrate Judge